105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria BAKER, Defendant-Appellant.
 No. 96-1259.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 17, 1996.
Decided Jan. 3, 1997.
 
 Before COFFEY, FLAUM and EVANS, Circuit Judges.
 
 ORDER
 
 1
 On October 16, 1995, a jury convicted Maria Baker of one count of defrauding a financial institution, in violation of 18 U.S.C. § 1344, and eight counts of making false statements in support of a loan application, in violation of 18 U.S.C. § 1014. Baker was sentenced to serve a term of 41 months, fined $7,500, and ordered to pay restitution in the amount of $249,000. Her sole argument on appeal is that the district court abused its discretion when it admitted evidence of uncharged acts during her trial. Baker contends that the challenged evidence should have been excluded under Fed.R.Evid. 403 and Fed.R.Evid. 404(b).
 
 
 2
 A district court's decision to admit evidence will be reversed only where there has been an abuse of discretion. United States v. Saunders, 973 F.2d 1354, 1358 (7th Cir.1992); United States v. Koen, 982 F.2d 1101, 1116 (7th Cir.1992); United States v. Jungles, 903 F.2d 468, 478 (7th Cir.1990). Disturbing the judgment of the district court on evidentiary grounds is necessary only if an erroneous ruling had a "substantial influence over the jury." United States v. Fairman, 707 F.2d 936, 941 (7th Cir.1983).
 
 
 3
 Ms. Baker organized and implemented an elaborate, large-scale bank fraud by procuring funds through applications containing false information regarding her income and her business. She recruited others, including a bank employee, to facilitate some of the fraudulent transactions and invented fictitious borrowers for some of the fraudulent loan applications. The uncharged acts admitted into evidence about which she complains are two other, nonbanking institution frauds. The first was Baker's procurement of funds from a fellow named Charles Umbright under the auspices of starting up or reviving her wine import business. The second was Baker's fraudulent collection of disability payments from a disability insurance policy with the Prudential Insurance Company.
 
 
 4
 Under Rule 403, "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." These rules form the basis of Ms. Baker's appeal.
 
 
 5
 Baker claims "there was no principled exercise of discretion in admitting the inflammatory evidence" of the Prudential and Umbright frauds. The district court, however, performed what we think was a thorough analysis of the situation in determining the admissibility of the two frauds. In the court's written order (usually rulings of this sort are made orally in the heat of battle) of September 28, 1995, Judge Alesia properly relied upon the four-part test for analyzing other crimes evidence under Rules 403 and 404(b) which we noted in United States v. Prevatte, 16 F.3d 767, 774 (7th Cir.1994), quoting United States v. Lennartz, 948 F.2d 363, 366 (7th Cir.1991), cited in Koen, 982 F.2d at 1116.
 
 
 6
 Prevatte, as Judge Alesia expressly noted, provides that evidence of other acts may be admitted if "(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." Prevatte, 16 F.3d at 774.
 
 
 7
 Evaluating the evidence of the Umbright and Prudential frauds under the Prevatte test, the judge found the evidence admissible. First, he determined that the Umbright and Prudential frauds tended to prove Baker's intent to commit the charged crimes. The judge relied on the fact that bank fraud is a specific intent crime and that therefore Baker's intent was automatically in issue and subject to proof through other acts evidence pursuant to United States v. Hudson, 884 F.2d 1016, 1022 (7th Cir.1989). The district judge also expressly found that the Umbright and Prudential frauds were particularly probative of Baker's knowledge and intent to commit the crimes charged in the indictment, and he found they demonstrated a pattern of dealing which continued to the time of her indictment.
 
 
 8
 Next, Judge Alesia determined that the other acts evidence was similar to and close in time to the charged crimes. The district court found that the evidence satisfied the similarity prong because both the charged and uncharged acts involved Baker providing false information in order to secure money she did not deserve. Additionally, the district court found that the evidence satisfied the close-in-time prong because all of the frauds, charged and uncharged, occurred within two years and as part of a pattern of conduct. In support of these findings, the district court properly relied upon United States v. Obiuwevbi, 962 F.2d 1236, 1241 (7th Cir.1992) (5 years between the uncharged and charged acts did not preclude admission of the uncharged acts because the evidence showed a pattern connecting the acts). See also United States v. DeCastris, 798 F.2d 261, 265 (7th Cir.1986) (similar acts 10 years before the crime charged were admissible as part of a pattern).
 
 
 9
 The district court also expressly found that the third prong of the Prevatte test was satisfied because the government would prove up the uncharged frauds with testimony and corroborating documents and that therefore the evidence would be sufficient for the jury to find that the uncharged frauds actually occurred. Judge Alesia found that the fourth prong of Prevatte was met in that the probative value of the evidence of the uncharged acts was not substantially outweighed by the danger of unfair prejudice.
 
 
 10
 Finally, Judge Alesia noted that an admissibility determination based on the evidence being "inextricably intertwined with the evidence relating to the charged offense" under United States v. Roberts, 933 F.2d 517, 520 (7th Cir.1991), was not necessary because the other acts evidence was admissible under Prevatte. However, the court had the opportunity to revisit this issue when Baker requested reconsideration of the court's finding of admissibility with respect to the Umbright fraud.[1] The government's response to the defense's objection was to withdraw the 404(b) notice with respect to the Umbright fraud. Instead, the government insisted, the Umbright testimony was direct evidence of the crimes charged. Rather than proving that Baker defrauded Umbright, the Umbright evidence would consist only of proof that statements Baker made on loan applications were false. Under this theory of admissibility, the government proffered that Umbright would testify that he had supplied funds to Baker's corporate account, contrary to Baker's representations on loan applications that she had earned the income from her business.
 
 
 11
 The court accepted the withdrawal of the 404(b) regarding the Umbright fraud, and concluded that the government could proceed with the direct Umbright proof. The district judge reasoned,
 
 
 12
 It seems to me they can certainly put him on the stand. If, in fact, she made these representations to the various banks in securing the loans that are listed in the indictment by falsely claiming that she had these commissions and assets, and her partner is going to get on the stand on the government's behalf and say, no, she didn't. Why isn't that admissible. That is the crux of the case, as to whether there was a fraudulent application for the loans. As far as testimony with regard
 
 
 13
 to representations [Baker] made to the bank in order to secure the loans, [the] Umbright testimony is relevant; directly [on] point, in fact.
 
 
 14
 Tr. at 5-6. Defense counsel for Baker made no further objection to this characterization of the Umbright evidence or to the judge's order that it was admissible as direct proof of the charged crimes. Id.
 
 
 15
 On appeal, Baker argues that the district judge abused his discretion in admitting the Umbright and Prudential evidence by failing to make a principled exercise of discretion as required by Beasley, 809 F.2d 1273, 1279 (7th Cir.1987). What Beasley requires, however, is that "the district judge ... identify the exception that applies to the evidence in question and evaluate whether the evidence, although relevant and within the exception, is sufficiently probative to make tolerable the risk that jurors will act on the basis of emotion or an inference via the blackening of the defendant's character." Beasley, 809 F.2d at 1279. Furthermore, "[d]iscretion, when exercised, will rarely be disturbed." Id.
 
 
 16
 In this case, Judge Alesia identified the exceptions applicable to the Umbright and Prudential evidence as knowledge and intent, and he expressly noted his consideration of its probative versus prejudicial value. Moreover, he correctly noted that intent is automatically a pivotal issue in a bank fraud case, Manganellis, 864 F.2d at 534, and he emphasized the significance of the pattern among the various charged and uncharged acts. In addition, the government withdrew its 404(b) motion regarding the Umbright fraud and the district court correctly admitted the Umbright testimony as direct proof of the charged crimes. Thus we find no merit to Baker's appeal, and the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The original written objection argued against the admissibility of both the Umbright and Prudential frauds. However, when the judge addressed the objection in court, defense counsel only asked for reconsideration of the admissibility of evidence of the Umbright fraud. Tr. at 2